1
2
3
4
5
6
7
8              **UNITED STATES DISTRICT COURT**
9              **SOUTHERN DISTRICT OF CALIFORNIA**
10

11   EUGENE HILL,                          Civil No.    12-1087 JLS (DHB)
     CDCR # E-59311,
12
                            Plaintiff,     **ORDER:**
13
                                           **(1)  GRANTING MOTION TO
14                                          PROCEED *IN FORMA PAUPERIS*
                                           (ECF No. 2);**
15              vs.
                                           **(2) DENYING MOTION FOR
16                                          APPOINTMENT OF COUNSEL
                                           (ECF No. 3);**
17   DOMINGO URIBE, JR.; MATTHEW
     CATE; M. MASTERS; D.A. MAY;           **AND**
18   L. CALDERON; M. GREENWOOD;
     WILLIS; D. CAMARGO,                   **(3)  DISMISSING COMPLAINT
19                                          FOR FAILING TO STATE
                            Defendants.     A CLAIM PURSUANT TO
20                                          28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)**
21

22
23         Plaintiff, a state inmate currently incarcerated at Centinela State Prison located in
24   Imperial, California, and proceeding pro se, has filed a civil rights Complaint pursuant to 42
25   U.S.C. § 1983.  In addition, Plaintiff has filed a Motion to Proceed *In Forma* Pauperis
26   ("IFP") pursuant to 28 U.S.C. § 1915(a), (ECF No. 2), and a Motion for Appointment of
27   Counsel, (ECF No. 3).
28   / / /

                                             1

## I.     MOTION TO PROCEED IFP

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a).  An action may proceed despite a party's failure to pay only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a)*.  See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  Prisoners granted leave to proceed IFP, however, remain obligated to pay the entire fee in installments, regardless of whether the action is ultimately dismissed for any reason.  *See* 28 U.S.C. § 1915(b)(1) & (2).

The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C. § 1915(a)(1), and that he has attached a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2.  Plaintiff's trust account statement shows that he has insufficient funds from which to pay an initial partial filing fee.

Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP, (ECF No. 3), and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1).  However, the Court further orders the Secretary of the California Department of Corrections and Rehabilitation ("CDCR") to garnish the entire $350 balance of the filing fees owed in this case, collect and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.     MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff also requests the appointment of counsel to assist him in prosecuting this civil action.  The Constitution provides no right to appointment of counsel in a civil case, however, unless an indigent litigant may lose his physical liberty if he loses the litigation. *Lassiter v. Dept. of Social Servs.*, 452 U.S. 18, 25 (1981).  Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts are granted discretion to appoint counsel for indigent persons. This discretion may be exercised only under "exceptional circumstances."  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).  "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to

1  articulate his claims pro se in light of the complexity of the legal issues involved.'  Neither of

2  these issues is dispositive and both must be viewed together before reaching a decision."  *Id.*

3  (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

4        The Court denies Plaintiff's request without prejudice because, for the reasons set

5  forth below, neither the interests of justice nor exceptional circumstances warrant

6  appointment of counsel at this time.  *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987);

7  *Terrell*, 935 F.2d at 1017.

8  **III.    SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

9        The Prison Litigation Reform Act ("PLRA")'s amendments to 28 U.S.C. § 1915 also

10  obligate the Court to review complaints filed by all persons proceeding IFP and by those, like

11  Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or

12  adjudicated delinquent for, violations of criminal law or the terms or conditions of parole,

13  probation, pretrial release, or diversionary program," "as soon as practicable after

14  docketing."  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  Under these provisions, the

15  Court must sua sponte dismiss any prisoner civil action and all other IFP complaints, or any

16  portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages

17  from defendants who are immune.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v.*

18  *Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*,

19  213 F.3d 443, 446 n.1 (9th Cir. 2000) (§ 1915A).

20        As currently pleaded, Plaintiff's claims must be dismissed because they are premature

21  under the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).

22  Constitutional claims involving a prison's disciplinary or administrative decisions to revoke

23  good-time credits are subject to sua sponte dismissal pursuant to 28 U.S.C.

24  § 1915(e)(2)(B)(ii) and 1915A(b)(1) since habeas corpus is the exclusive federal remedy

25  whenever the claim for damages depends on a determination that a disciplinary judgment is

26  invalid or the sentence currently being served is unconstitutionally long.  *Edwards v. Balisok*,

27  520 U.S. 641, 643–44 (1997); *Heck*, 512 U.S. at 486–87; *Preiser v. Rodriguez*, 411 U.S. 475,

28  500 (1973).

Here, Plaintiff alleges that he lost good time credits as a result of the disciplinary charges that were brought against him.  In order to state a claim for damages under section 1983 based on these allegations under *Heck* and *Edwards*, however, Plaintiff must allege facts in his Complaint sufficient to show that Defendants' decision to remove his credits has already been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a writ of habeas corpus." *Heck*, 512 U.S. at 486–87.  Plaintiff has failed to do so; therefore, he must sufficiently amend his Complaint to provide such a showing before any cause of action for damages accrues under the Civil Rights Act.  *Id.*

Accordingly, the Court finds that Plaintiff's Complaint fails to state a 42 U.S.C. § 1983 claim upon which relief may be granted, and is therefore subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b).  The Court will provide Plaintiff with an opportunity to amend his pleading to cure the defects set forth above.  Plaintiff is warned that if his amended complaint fails to address the deficiencies of pleading noted above, it may be dismissed with prejudice and without leave to amend.

**IV.    CONCLUSION AND ORDER**

Good cause appearing, **IT IS HEREBY ORDERED** that:

1.    Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a), (ECF No. 2), is **GRANTED**.

2.    Plaintiff's Motion for Appointment of Counsel, (ECF No. 3),  is **DENIED.**

3.    The Secretary of California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).  ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

/ / /

1    4.    The Clerk of the Court is directed to serve a copy of this Order on Matthew

2 Cate, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street,

3 Suite 502, Sacramento, California 95814.

4        **IT IS FURTHER ORDERED** that:

5    5.    Plaintiff's Complaint is **DISMISSED** without  prejudice for failing to state a

6 claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2) & § 1915A(b).

7    6.    Plaintiff is **GRANTED** forty-five (45) days leave from the date this Order is

8 filed in which to file a First Amended Complaint which cures all the deficiencies of pleading

9 noted above.  Plaintiff's Amended Complaint must be complete in itself without reference to

10 his original Complaint.  *See* S.D. CAL. CIVLR 15.1.  Defendants not named and all claims not

11 re-alleged in the Amended Complaint will be considered waived.  *See King v. Atiyeh*, 814

12 F.2d 565, 567 (9th Cir. 1987).  If Plaintiff fails to file an Amended Complaint within 45

13 days, this action shall remain dismissed without further Order by the Court.

14    7.    The Clerk of Court is directed to mail a Court approved § 1983 form to

15        Plaintiff.

16        **IT IS SO ORDERED**.

17 DATED:  May 8, 2012

18                              *Janis L. Sammartino*
                              Honorable Janis L. Sammartino
19                              United States District Judge

20

21

22

23

24

25

26

27

28

5

12cv1087 JLS (DHB)